UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
CALIENTE CAB
RESTAURANT CO., INC.,

                Plaintiff,

-against-                    **MEMORANDUM OF DECISION**
                                          11 CV 327 (RJD) (RML)

CALIENTE CAFE RESTAURANT &
BAR, INC. and WILLIAM CORDERO,
                Defendants.
------------------------------------------------X
DEARIE, District Judge.

      Plaintiff Caliente Cab Restaurant Co., Inc.'s Motion for a Preliminary Injunction was granted by order dated June 6, 2011, for the reasons set forth below.

      The parties appeared before the Court on May 5, 2011. Neither party requested an evidentiary hearing, and because there are no material facts in dispute, none is required. See Chevron Corp. v. Donziger, 2011 WL 778052, at *46-47 (S.D.N.Y. 2011) (citing Moore v. Consol. Edison Co. of NY, 409 F.3d 506, 512 (2d Cir.2005) and Charette v. Town of Oyster Bay, 159 F.3d 749, 755 (2d Cir.1998)).

      Under the standard applied by the Second Circuit in Salinger v. Colting, 607 F.3d 68 (2d Cir. 2010), following eBay, Inc. v. MercExchange, 547 U.S. 388 (2006), a plaintiff seeking a preliminary injunction must show: "(1) a likelihood of success on the merits; (2) that he is likely to suffer irreparable injury in the absence of an injunction; (3) that remedies at law, such as monetary damages, are inadequate to compensate for that injury; (4) that the balance of hardships tips in his favor; and (5) that the public interest would not be disserved by the issuance of a preliminary injunction." Pretty Girl, Inc. v. Pretty Girl Fashions, Inc., 2011 WL 887993, at *2 (E.D.N.Y. 2011) (internal quotations omitted). Plaintiff in this case has made the requisite showing.

Plaintiff has demonstrated clearly a likelihood of success on the merits of its claim for trademark infringement under Section 43(a) of the Lanham Act. First, because Caliente owns the registered trademarks, service marks, and trade names Caliente and Caliente Cab Co. (the "Caliente Mark"), they are presumptively valid and entitled to protection. See Id. at *4. Second, under Polaroid Corp. v. Polaroid Elecs. Corp., 287 F.2d 492 (2d Cir. 1961), each of the applicable non-exclusive eight factors of the test for determining whether a likelihood of consumer confusion exists weighs in favor of finding for plaintiff. The factors to be considered include "(1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products; (4) evidence that the senior user may 'bridge the gap' into the market occupied by the junior user's product; (5) evidence of actual confusion; (6) evidence that the junior mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market." Pretty Girl, Inc., 2011 WL 887993, at *4 (citing Cadbury Beverages, Inc. v. Cott Corp., 73 F.3d 474, 478 (2d Cir.1996)).

The strength of a mark is measured by "its tendency to identify the goods sold under the mark as emanating from a particular source," Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.,799 F.2d 867, 873 (2d Cir. 1986) (internal quotations and citations omitted), and includes both "inherent distinctiveness" and "acquired distinctiveness," see Brennan's, Inc. v. Brennan's Restaurant, L.L.C., 360 F.3d 125, 130-31 (2d Cir. 2004); Virgin Enterprises Ltd. v. Nawab, 335 F.3d 141, 147-49 (2d Cir. 2003). This factor weighs heavily in favor of plaintiff. The Caliente Mark is registered, therefore it is presumed distinctive. See Pretty Girl, Inc., 2011 WL 887993, at *4 (quoting Lois Sportswear, 799 F.2d 871). Plaintiff's mark has acquired distinctiveness as well. Plaintiff has continuously operated under the Caliente Mark for over twenty-five years and has advertized and promoted itself throughout that period under the Caliente Mark in the New

York City area. Considering the similarity of the marks, defendants' mark and its presentation are not merely strikingly similar to plaintiff's, they are virtually indistinguishable from the Caliente Mark and its custom-designed script style. Because defendants' restaurant has yet to open, however, there is no evidence of actual confusion, and the quality of defendants' services cannot yet be judged. Nevertheless, both plaintiff and defendants provide or will provide relatively casual Latin American style restaurant services—plaintiff offering Mexican cuisine and defendants offering Puerto Rican cuisine—in the New York metropolitan area; their markets overlap and are in geographic proximity.[1] Thus, consumer confusion is likely given the "proximity of the products" and the sophistication of the consumers in the common market. Finally, defendant Cordero's failure to offer any credible explanation for his adoption of the mark and its presentation in type practically identical to plaintiff's distinct script gives rise to an inescapable inference of bad faith.

Plaintiff has also demonstrated irreparable harm by showing that "it will lose control of the reputation of its trademark" because "loss of control over one's reputation is neither calculable nor precisely compensable." Id. at *6 (quoting New York City Triathalon, L.L.C. v. NYC Triathalon Club, Inc., 704 F.Supp. 2d 305, 343 (S.D.N.Y. 2010)). Accordingly, remedies at law are inadequate. Pretty Girl, Inc., 2011 WL 887993, at *7. The balance of the hardships also clearly favors plaintiff. Plaintiff has built up and maintained its reputation for more than

---

[1] Having issued the injunction on the strength of the analysis herein, I would add one additional observation. The word "Caliente" means hot in Spanish. Hot or spicy is certainly a characteristic of Mexican cuisine, but Puerto Rican cuisine is flavorful without being fiery hot. See, e.g., Christy Ullrich, *More to Explore: Did You Know?*, National Geographic Magazine (March 2003), http://ngm.nationalgeographic.com/ngm/0303/feature2/index.html ("A common—and false—assumption many people make about Puerto Rican cuisine is that it is spicy. The food is well-seasoned with spices but not fiery-hot spicy.").

3

twenty-five years, whereas defendants' restaurant has not opened, and defendants have been on notice of plaintiff's trademark claim since November 2010. See Id. (finding that "requiring [d]efendants to choose an alternate name for their newly formed business is less onerous than attempting to compensate [p]laintiff" who has operated under its trademarked name for over twenty-five years). Finally, because of the likelihood of consumer confusion, the public interest is served in this case by the issuance of an injunction. Id.

In sum, plaintiff has demonstrated a strong likelihood of success and easily satisfied all criteria for equitable relief. The competing marks are essentially identical. Any subtle differences have to be explained before they can be observed. The inference of intentional copying is compelling. Because the marks compete in the same industry in largely the same geographical area, consumer confusion is more than likely, if not inevitable. Plaintiff's motion must therefore be granted.

SO ORDERED.

Dated: Brooklyn, New York
July 25, 2011

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge